IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY ZIMMERMAN, | : |
| Petitioner, | : |
| | :    Civil Action No. 3:14-cv-313 |
| v. | : |
| | :    (Judge Mariani) |
| BRIAN COLEMAN, *et al.*, | : |
| Respondents. | : |

## MEMORANDUM

On February 2, 2014, Petitioner, Jeffrey Zimmerman, an inmate currently confined at

the Fayette State Correctional Institution in LaBelle, Pennsylvania, ("SCI-Fayette"), filed the

instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).

Petitioner challenges his May 2007 criminal conviction imposed by the Schuylkill County

Court of Common Pleas. (*Id.*). After careful consideration of the parties' submissions, and

for the reasons discussed below, the petition will be dismissed as untimely pursuant to 28

U.S.C. § 2244(d).

## I.   BACKGROUND

The following background has been extracted from the Pennsylvania Superior

Court's July 2, 2013 Opinion, affirming the Post Conviction Relief Act ("PCRA") court's order

dismissing Zimmerman's third petition for PCRA relief. (Doc. 9-5, Ex. D, Pennsylvania

Superior Court Opinion dated July 2, 2013).

> On May 2, 2007, following a non-jury trial, Appellant was found guilty of one
> count each of first-degree murder, recklessly endangering another person,

possession of an instrument of crime, and two counts each of simple assault and aggravated assault. The trial court imposed a sentence of life imprisonment the same day. On March 3, 2008, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Zimmerman*, 953 A.2d 608 (Pa. Super. 2008) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On September 17, 2008, Appellant filed a timely counseled first PCRA petition.[1] The PCRA court held a hearing on the petition on October 21, 2008. On December 31, 2008, the PCRA court granted Appellant's petition, allowing him permission to file a post-sentence motion *nunc pro tunc* to raise a weight-of-the-evidence claim, but denied his petition in all other respects. On April 9, 2009, Appellant filed a post-sentence motion *nunc pro tunc*, which the PCRA court denied on April 15, 2009. Appellant filed a timely notice of appeal to this Court on May 8, 2009. On November 23, 2009, this Court rejected Appellant's weight-of-the-evidence claim and affirmed the denial of PCRA relief as to all other issues raised in Appellant's first PCRA petition. *Commonwealth v. Zimmerman*, 988 A.2d 733 (Pa. Super. 2009) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

Appellant filed a *pro se* second PCRA petition on October 25, 2010. The PCRA court appointed counsel and held a hearing on May 23, 2011. On May 27, 2011, the PCRA court granted Appellant's petition insofar as he sought to file a petition for allowance of appeal *nunc pro tunc* from this Court's November 23, 2009 memorandum and order affirming the PCRA court's denial of Appellant's first PCRA petition, but denied his petition as to all other issues. On June 24, 2011, Appellant filed a notice of appeal to this Court from the portion of the PCRA court's order denying his remaining PCRA issues. On June 30, 2011, Appellant filed a *nunc pro tunc* petition for allowance of appeal from this Court's November 23, 2009 memorandum and order. Our Supreme Court denied Appellant's petition for allowance of appeal on November 2, 2011. *Commonwealth v. Zimmerman*, 32 A.3d 1278 (Pa. 2011). This Court affirmed the PCRA court's May 27, 2011 order on

---

[1] This Court notes that Petitioner filed a document on June 11, 2008, which was construed by the state court as a PCRA petition. *See* (Doc. 9-4, Ex. C, p. 7, Schuylkill County Court of Common Pleas Order dated June 30, 2008).

December 28, 2011. *Commonwealth v. Zimmerman*, 40 A.3d 205 (Pa.
Super. 2011) (unpublished memorandum). Again, Appellant did not file a
petition for allowance of appeal with our Supreme Court.

On April 25, 2012, Appellant filed another *pro se* PCRA petition, his third.
The PCRA court appointed counsel, who filed an amended third PCRA
petition on July 20, 2012. On August 15, 2012, the PCRA court issued notice
of its intent to dismiss Appellant's third PCRA petition without a hearing
pursuant to Pennsylvania Rule of Criminal Procedure 907. The PCRA court
explained that it was dismissing Appellant's petition because the issues
lacked merit. *See* PCRA Court Order, 8/15/12, at 1. Appellant did not file a
response and the PCRA court dismissed Appellant's third PCRA petition on
September 7, 2012. On October 5, 2012, Appellant filed a timely notice of
appeal.

(Doc. 9-5, Ex. D, pp. 50-53, Pennsylvania Superior Court Opinion dated July 2, 2013)

(footnotes omitted).

As stated, the Pennsylvania Superior Court affirmed the PCRA court's order

dismissing Petitioner's third petition for PCRA relief. The PCRA court dismissed the third

petition for PCRA relief on the merits, not on the basis of timeliness. The Pennsylvania

Superior Court concluded that the PCRA court properly dismissed the third PCRA petition,

however the Superior Court ultimately determined that the third petition for PCRA relief was

untimely filed and the PCRA court lacked jurisdiction to consider Petitioner's claims for relief

under the PCRA. *See* (Doc. 9-5, Ex. D, Pennsylvania Superior Court Opinion dated July 2,

2013). A petition for allowance of appeal was filed with the Pennsylvania Supreme Court,

which was denied on December 31, 2013. *Commonwealth v. Zimmerman*, No. 548 MAL

2013 (Pa. 2013).

3

On February 2, 2014, Petitioner filed the instant petition for writ of habeas corpus challenging his conviction and sentence. (Doc. 1). Specifically, he argues that the finding of guilt by the trial court on the count of first-degree murder was against the weight of the evidence and the evidence does not support a finding that he possessed the specific intent to kill and that he acted with premeditation. (Doc. 1; Doc. 2, pp. 5-7). Petitioner further argues that his Fifth and Fourteenth Amendment due process rights were violated. (Docs. 1, 2).

In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), formal notice was issued to Petitioner that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeals, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 4). On April 9, 2014, Petitioner returned the notice of election, indicating that he wished to proceed with his petition for writ of habeas corpus as filed. (Doc. 5).

On May 2, 2014, Respondents filed a response to the habeas petition and a supporting brief. (Docs. 9, 10). No traverse has been filed.

4

## II.    DISCUSSION

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must

adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of - (A) the date on which
> the judgment became final by the conclusion of direct review or the expiration
> for seeking such review ...
>
> (d)(2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or
> claim is pending shall not be counted toward any period of limitation under
> this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see generally*, *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir.

1999).  Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas

corpus petition begins to run when direct review processes are concluded.  *See Harris v.*

*Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) ("[T]he AEDPA provides that upon conclusion

of direct review of a judgment of conviction, the one year period within which to file a federal

habeas corpus petition commences, but the running of the period is suspended for the

period when state post-conviction proceedings are pending in any state court.").

As indicated above, section 2244(d)(2) operates to exclude the time within which "a

properly filed application for State post conviction or other collateral review with respect to

the pertinent judgment or claim is pending ...." § 2244(d)(2).  Thus, when a petition or

appeal has concluded and is no longer pending, the one (1) year statute of limitations starts

to run and the time is counted. A properly filed application for post conviction relief under §

2244(d)(2) is one submitted according to the state's procedural requirements, such as rules

governing time and place of filing. *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998).

The Third Circuit Court of Appeals has defined "pending" as the time during which a

petitioner may seek discretionary state court review, whether or not such review is sought.

*Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the

period during which a state prisoner may file a petition for writ of certiorari in the United

States Supreme Court from the denial of his state post-conviction petition. *Stokes v. District*

*Attorney of the County of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001). Likewise, the

statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas

petition is pending in federal court. *Jones*, 195 F.3d at 158.

  After applying 28 U.S.C. § 2244(d)(1)(A) to determine when the statute of limitations

within which to file a federal habeas petition began to run, it is concluded that the limitations

period started the same day Petitioner's judgment became final, April 2, 2008, at the

expiration of the thirty-day period to file a petition for allowance of appeal to the

Pennsylvania Supreme Court. An examination of the procedural history establishes that the

instant petition is time-barred.

  On May 2, 2007, Petitioner was convicted of first-degree murder, recklessly

endangering another person, possession of an instrument of a crime, and two counts each

of simple assault and aggravated assault. *See Commonwealth v. Zimmerman*, Docket No. CP-54-CR-0001518-2006 (Schuylkill Cty. Ct. Com. Pl. filed September 11, 2006). Also on May 2, 2007, he was sentenced to life imprisonment. (*Id.*). Petitioner filed a timely direct appeal to the Pennsylvania Superior Court on May 29, 2007. (*Id.*); *Commonwealth v. Zimmerman*, No. 953 MDA 2007 (Pa. Super. 2007). On March 3, 2008, the appellate court affirmed the judgment of sentence. *Zimmerman*, No. 953 MDA 2007. Petitioner did not seek review with the Pennsylvania Supreme Court; therefore, the judgment became final thirty (30) days later on April 2, 2008, and the one-year statute of limitations began to run. *See* 28 U.S.C. § 2244(d)(1)(A); Pa.R.App.P. 1113(a). *See also Swartz*, 204 F.3d 417 (the statutory period is tolled for thirty (30) days in which a defendant can seek allowance of appeal from the Pennsylvania Supreme Court, even if no allowance is sought).

On June 11, 2008, seventy (70) days after the one-year statute of limitations began, Petitioner filed a timely first PCRA petition in the Schuylkill County Court of Common Pleas, statutorily tolling the limitations period.[2] The PCRA court denied the petition on April 14, 2009. (*Id.*). Thereafter, Petitioner filed a notice of appeal to the Pennsylvania Superior Court on May 8, 2009, under docket number 829 MDA 2009. *Commonwealth v.*

_____

[2]  As stated *supra*, note 1, the document filed by Petitioner on June 11, 2008 was construed by the common pleas court as a PCRA petition. (Doc. 9-4, Ex. C, p. 7, Schuylkill County Court of Common Pleas Order dated June 30, 2008). The common pleas court appointed counsel to represent Petitioner and counsel filed an amended PCRA petition on September 17, 2008. (Doc. 9-4, Ex. C, pp. 7-11). Out of an abundance of caution, this Court will use June 11, 2008 as the date Petitioner filed his first PCRA petition, statutorily tolling the limitations period.

*Zimmerman*, No. 829 MDA 2009 (Pa. Super. 2009). On November 23, 2009, the

Pennsylvania Superior Court affirmed the PCRA court's order denying relief. *Id.* Petitioner

did not file a petition for allowance of appeal with the Pennsylvania Supreme Court within

the thirty (30) day time period, however he subsequently filed a *nunc pro tunc* petition for

allowance of appeal from the Superior Court's November 23, 2009 memorandum and order.

Petitioner was granted leave to file a *nunc pro tunc* petition, however the Pennsylvania

Supreme Court denied the petition for allowance of appeal on November 2, 2011. (Doc. 9-

3, Ex. B, pp. 16-30). Accordingly, the state collateral review process was "in continuance"

for the entire time between the filing of Petitioner's first PCRA petition and the Pennsylvania

Supreme Court's denial of his petition for allowance of appeal on November 2, 2011, and

the limitations period was statutorily tolled. *See Carey v. Saffold*, 536 U.S. 214, 219-20

(2002); *Bigbee v. Patrick*, 2006 WL 2540782, *8 (E.D. Pa. 2006) (after being granted leave

to file a petition *nunc pro tunc*, petitioner was entitled to statutory tolling through the date the

Pennsylvania Supreme Court denied the petition for allowance of appeal).

On October 25, 2010, Petitioner filed a second *pro se* PCRA petition in the Schuylkill

County Court of Common Pleas. *Zimmerman*, CP-54-CR-0001518-2006. The PCRA court

appointed counsel and held a hearing. On May 27, 2011, the PCRA court granted the

petition insofar as Petitioner sought to file a petition for allowance of appeal *nunc pro tunc*

from the Superior Court's November 23, 2009 memorandum and order affirming the PCRA

court's denial of Petitioner's first PCRA petition, but denied his petition as to all other issues. (Doc. 9-3, Ex. B, pp. 16-21). On June 24, 2011, Petitioner filed a notice of appeal to the Superior Court from the portion of the PCRA court's order denying his remaining PCRA issues. (Doc. 9-3, Ex. B, pp. 22, 31-38). On December 28, 2011, the Superior Court affirmed the PCRA court's May 27, 2011 order. (Doc. 9-3, Ex. B, pp. 39-42). Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Therefore, the statutory period began to run again on January 27, 2012, at the expiration of the thirty-day time period Petitioner had to file an appeal to the Pennsylvania Supreme Court.

On April 12, 2012, Petitioner filed a third *pro se* PCRA petition in the Schuylkill County Court of Common Pleas. *Zimmerman*, CP-54-CR-0001518-2006. The PCRA court subsequently appointed counsel and counsel filed an amended third PCRA petition on July 20, 2012. The PCRA court dismissed the petition on September 7, 2012. (*Id.*). Thereafter, Petitioner filed a notice of appeal to the Pennsylvania Superior Court on October 5, 2012. *Commonwealth v. Zimmerman*, No. 1756 MDA 2012 (Pa. Super. 2012). On July 2, 2013, the Pennsylvania Superior Court affirmed the order denying PCRA relief and dismissed the petition as untimely. (*Id.*). A petition for allowance of appeal was filed with the Pennsylvania Supreme Court, under docket number 548 MAL 2013. *Zimmerman*, No. 548 MAL 2013. The Pennsylvania Supreme Court denied the petition on December 31, 2013. (*Id.*). As the third petition for PCRA relief was dismissed as untimely, the statutory period

9

was not tolled. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"); *Satterfield v. Johnson*, 434 F.3d 185 (3d Cir. 2006).

Consequently, as of January 27, 2012, there were 295 days left of the AEDPA's 365-day limitation period, and Petitioner was required to file his habeas corpus petition approximately on or before November 19, 2012.[3] The instant petition was not filed until February 2, 2014, 440 days after the limitations period expired. Therefore, the habeas petition is untimely.

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003), *cert. denied*, 540 U.S. 921 (2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception). However, the habeas petitioner bears the burden of demonstrating his entitlement to equitable tolling and his due diligence. *Pace*, 544 U.S. at 418; *Cooper v. Price*, 82 Fed. Appx. 258, 260 (3d Cir. 2003). Moreover, the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. *See*

---

[3]    The 295-day time period ended on Saturday, November 17, 2012, however, pursuant to Federal Rule of Civil Procedure 6, the period continued until Monday, November 19, 2012. *See* Fed.R.Civ.P. 6(a)(1)(C) (when computing time,"include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

*Merritt*, 326 F.3d at 161.

In *Merritt*, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." *Id.* (internal citations and quotations omitted). Mere excusable neglect is not sufficient. *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998). The Court of Appeals has identified additional circumstances in which equitable tolling is warranted: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, and (4) the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. *See Yanes v. Nish*, 2009 WL 1045884, *2 (M.D. Pa. 2009) (Caldwell, J.) (citing *Jones*, 195 F.3d at 159).

In the present matter, Petitioner does not argue that he is entitled to equitable tolling and he presents no evidence to account for the delay in filing the instant federal petition for writ of habeas corpus. Notably, in the habeas petition, the section regarding timeliness is entirely blank. *See* (Doc. 1, p. 14). Petitioner does not allege that he has been actively misled by Respondents or the Court, and the record reflects no basis for the argument. *See*

(Docs. 1, 2). Furthermore, it does not appear that Petitioner's rights were prevented in an extraordinary manner, he fails to allege that he exercised due diligence in investigating and bringing his claim, and he has not alleged that he asserted his rights in the wrong forum. *See* (Docs. 1, 2). As such, equitable tolling is inapplicable in this matter.

## III.   CERTIFICATE OF APPEALABILITY

This Court has considered whether a certificate of appealability ("COA") should issue pursuant to 28 U.S.C. § 2253. *See* U.S.C. Sec. 2254 Proc. R. 11. The United States Supreme Court holds that when a district court denies a petition on procedural grounds, a COA should only issue when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Cooper v. United States*, 2010 U.S. Dist. LEXIS 69600, *25-26 (M.D. Pa. 2010) (Kane, J.) (denying a certificate of appealability). Considering the plain procedural bar in the instant action, it is determined that Petitioner cannot make such a showing. *See Vogt v. Coleman*, 2010 WL 126155, *8 (W.D. Pa. 2010) (concluding that "jurists of reason would not find it debatable whether the Petition was filed within the one-year limitation period provided for under AEDPA" and denying a certificate of appealability). Therefore, there is no basis for the issuance of a certificate of appealability.

## IV.    CONCLUSION

Petitioner's judgment of conviction became final on April 2, 2008 and the one-year

statute of limitations for him to file a federal habeas petition began.  The time was statutorily

tolled seventy (70) days later, on June 11, 2008, when Petitioner filed a timely first PCRA

petition in the Schuylkill County Court of Common Pleas.  The petition was denied and the

Pennsylvania Superior Court affirmed.  The Pennsylvania Supreme Court denied

Petitioner's petition for allowance of appeal on November 2, 2011.  Petitioner's second

PCRA petition was filed on October 25, 2010.  The petition was denied and the

Pennsylvania Superior Court affirmed on December 28, 2011, at which time the limitations

period started again on January 27, 2012.  Petitioner had until approximately November 19,

2012 to seek habeas relief, but did not file the instant petition until February 2, 2014, over

one (1) year after the one-year limitations period expired.  Accordingly, the habeas petition

will be dismissed as time-barred.

A separate Order follows.


Date: September 30th, 2014

Robert D. Mariani
United States District Judge


13