**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEFFREY ZIMMERMAN, | : | Civil No. 3:14-cv-313 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| BRIAN COLEMAN, *et al.*, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

On February 2, 2014, Petitioner, Jeffrey Zimmerman, an inmate currently confined at the Fayette State Correctional Institution in LaBelle, Pennsylvania, ("SCI-Fayette"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner challenges his May 2007 criminal conviction imposed by the Schuylkill County Court of Common Pleas. (*Id.*). On September 30, 2014, the petition was dismissed as untimely pursuant to 28 U.S.C. § 2244(d). (Docs. 11, 12). Petitioner thereafter filed a motion for reconsideration of this Court's September 30, 2014 Order. (Doc. 13). Petitioner asserted that he never received Respondents' response to the habeas petition and thus never filed a traverse. (*Id.*). On November 5, 2014, the Court granted Petitioner's motion for reconsideration and granted him additional time to file a traverse. (Doc. 16). After careful consideration of the parties' submissions, and for the reasons discussed below, the petition will be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

I.    **Discussion**

A review of this Court's September 30, 2014, Memorandum dismissing the petition

reveals that the following was concluded:

> A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254
> must adhere to a statute of limitations that provides, in relevant part, as
> follows:
>
>> (d)(1) A one-year period of limitations shall apply to an application for a
>> writ of habeas corpus by a person in custody pursuant to the judgment
>> of a State court.  The limitation period shall run from the latest of - (A)
>> the date on which the judgment became final by the conclusion of
>> direct review or the expiration for seeking such review ...
>>
>> (d)(2) The time during which a properly filed application for State post-
>> conviction or other collateral review with respect to the pertinent
>> judgment or claim is pending shall not be counted toward any period of
>> limitation under this subsection.
>
> 28 U.S.C. § 2244(d)(1)-(2); *see generally*, *Jones v. Morton*, 195 F.3d 153,
> 157 (3d Cir. 1999).  Under the plain terms of § 2244(d)(1)(A), the period of
> time for filing a habeas corpus petition begins to run when direct review
> processes are concluded.  *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th
> Cir. 2000) ("[T]he AEDPA provides that upon conclusion of direct review of a
> judgment of conviction, the one year period within which to file a federal
> habeas corpus petition commences, but the running of the period is
> suspended for the period when state post-conviction proceedings are pending
> in any state court.").
>
> As indicated above, section 2244(d)(2) operates to exclude the time within
> which "a properly filed application for State post conviction or other collateral
> review with respect to the pertinent judgment or claim is pending ...." §
> 2244(d)(2).  Thus, when a petition or appeal has concluded and is no longer
> pending, the one (1) year statute of limitations starts to run and the time is
> counted.  A properly filed application for post conviction relief under §
> 2244(d)(2) is one submitted according to the state's procedural requirements,

2

such as rules governing time and place of filing. *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. *Stokes v. District Attorney of the County of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001). Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court. *Jones*, 195 F.3d at 158.

After applying 28 U.S.C. § 2244(d)(1)(A) to determine when the statute of limitations within which to file a federal habeas petition began to run, it is concluded that the limitations period started the same day Petitioner's judgment became final, April 2, 2008, at the expiration of the thirty-day period to file a petition for allowance of appeal to the Pennsylvania Supreme Court. An examination of the procedural history establishes that the instant petition is time-barred.

On May 2, 2007, Petitioner was convicted of first-degree murder, recklessly endangering another person, possession of an instrument of a crime, and two counts each of simple assault and aggravated assault. *See Commonwealth v. Zimmerman*, Docket No. CP-54-CR-0001518-2006 (Schuylkill Cty. Ct. Com. Pl. filed September 11, 2006). Also on May 2, 2007, he was sentenced to life imprisonment. (*Id.*). Petitioner filed a timely direct appeal to the Pennsylvania Superior Court on May 29, 2007. (*Id.*); *Commonwealth v. Zimmerman*, No. 953 MDA 2007 (Pa. Super. 2007). On March 3, 2008, the appellate court affirmed the judgment of sentence. *Zimmerman*, No. 953 MDA 2007. Petitioner did not seek review with the Pennsylvania Supreme Court; therefore, the judgment became final thirty (30) days later on April 2, 2008, and the one-year statute of limitations began to run. *See* 28 U.S.C. § 2244(d)(1)(A); Pa.R.App.P. 1113(a). *See also Swartz*, 204 F.3d 417 (the statutory period is tolled for thirty (30) days in which a defendant can seek allowance of appeal from the Pennsylvania Supreme Court, even if no allowance is sought).

On June 11, 2008, seventy (70) days after the one-year statute of limitations

3

began, Petitioner filed a timely first PCRA petition in the Schuylkill County Court of Common Pleas, statutorily tolling the limitations period. The PCRA court denied the petition on April 14, 2009. (*Id.*). Thereafter, Petitioner filed a notice of appeal to the Pennsylvania Superior Court on May 8, 2009, under docket number 829 MDA 2009. *Commonwealth v. Zimmerman*, No. 829 MDA 2009 (Pa. Super. 2009). On November 23, 2009, the Pennsylvania Superior Court affirmed the PCRA court's order denying relief. *Id.* Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court within the thirty (30) day time period, however he subsequently filed a *nunc pro tunc* petition for allowance of appeal from the Superior Court's November 23, 2009 memorandum and order. Petitioner was granted leave to file a *nunc pro tunc* petition, however the Pennsylvania Supreme Court denied the petition for allowance of appeal on November 2, 2011. (Doc. 9-3, Ex. B, pp. 16-30). Accordingly, the state collateral review process was "in continuance" for the entire time between the filing of Petitioner's first PCRA petition and the Pennsylvania Supreme Court's denial of his petition for allowance of appeal on November 2, 2011, and the limitations period was statutorily tolled. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Bigbee v. Patrick*, 2006 WL 2540782, *8 (E.D. Pa. 2006) (after being granted leave to file a petition *nunc pro tunc*, petitioner was entitled to statutory tolling through the date the Pennsylvania Supreme Court denied the petition for allowance of appeal).

On October 25, 2010, Petitioner filed a second *pro se* PCRA petition in the Schuylkill County Court of Common Pleas. *Zimmerman*, CP-54-CR-0001518-2006. The PCRA court appointed counsel and held a hearing. On May 27, 2011, the PCRA court granted the petition insofar as Petitioner sought to file a petition for allowance of appeal *nunc pro tunc* from the Superior Court's November 23, 2009 memorandum and order affirming the PCRA court's denial of Petitioner's first PCRA petition, but denied his petition as to all other issues. (Doc. 9-3, Ex. B, pp. 16-21). On June 24, 2011, Petitioner filed a notice of appeal to the Superior Court from the portion of the PCRA court's order denying his remaining PCRA issues. (Doc. 9-3, Ex. B, pp. 22, 31-38). On December 28, 2011, the Superior Court affirmed the PCRA court's May 27, 2011 order. (Doc. 9-3, Ex. B, pp. 39-42). Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Therefore, the statutory period began to run again on January 27, 2012, at the expiration of the thirty-day time period Petitioner had to file an appeal to the Pennsylvania Supreme Court.

4

On April 12, 2012, Petitioner filed a third *pro se* PCRA petition in the Schuylkill County Court of Common Pleas. *Zimmerman*, CP-54-CR-0001518-2006. The PCRA court subsequently appointed counsel and counsel filed an amended third PCRA petition on July 20, 2012. The PCRA court dismissed the petition on September 7, 2012. (*Id.*). Thereafter, Petitioner filed a notice of appeal to the Pennsylvania Superior Court on October 5, 2012. *Commonwealth v. Zimmerman*, No. 1756 MDA 2012 (Pa. Super. 2012). On July 2, 2013, the Pennsylvania Superior Court affirmed the order denying PCRA relief and dismissed the petition as untimely. (*Id.*). A petition for allowance of appeal was filed with the Pennsylvania Supreme Court, under docket number 548 MAL 2013. *Zimmerman*, No. 548 MAL 2013. The Pennsylvania Supreme Court denied the petition on December 31, 2013. (*Id.*). As the third petition for PCRA relief was dismissed as untimely, the statutory period was not tolled. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"); *Satterfield v. Johnson*, 434 F.3d 185 (3d Cir. 2006).

Consequently, as of January 27, 2012, there were 295 days left of the AEDPA's 365-day limitation period, and Petitioner was required to file his habeas corpus petition approximately on or before November 19, 2012. The instant petition was not filed until February 2, 2014, 440 days after the limitations period expired. Therefore, the habeas petition is untimely.

(Doc. 11, pp. 5-10) (footnotes omitted).

In an attempt to excuse the untimely filing of the habeas petition, Petitioner argues

that his judgment of sentence became final "on March 29, 2014, 90 days and one year after

the Supreme Court denied his petition for allowance of appeal on 12/31/13." (Doc. 20, pp.

1, 21). Petitioner contends that his federal habeas petition was therefore timely filed. (Doc.

20).

The Superior Court specifically refuted the lower court's theory that the direct line of

5

appeal continued, and determined that Petitioner's judgment of sentence became final on

April 2, 2008, at the expiration of the thirty-day period to file a petition for allowance of

appeal to the Pennsylvania Supreme Court. (Doc. 9-5, Ex. D, pp. 50-59, *Commonwealth v.*

*Zimmerman*, 1756 MDA 2012, Pennsylvania Superior Court Opinion, dated July 2, 2013).

The Superior Court stated as follows:

> Appellant was sentenced on May 2, 2007, and this Court affirmed the
> judgment of sentence on March 3, 2008. Thus, Appellant's judgment of
> sentence became final when the 30-day period for him to file a direct appeal
> expired on April 2, 2008. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a).
> As such, Appellant had until April 2, 2009 to timely file his PCRA petition.
> The instant petition was not filed until April 25, 2012, therefore, it was facially
> untimely. [FN 4 - We observe that the PCRA court concluded that Appellant's
> third petition was timely. PCRA Court Opinion, 8/15/12, at 4. The PCRA
> court noted Appellant had been granted leave to file a petition for allowance
> of appeal *nunc pro tunc* from this Court's November 23, 2009 memorandum.
> *Id.* In the PCRA court's view, this was an extension of his direct appeal
> because his 2009 appeal included an appeal from the denial of his *nunc pro
> tunc* post-judgment motion. *Id.* Therefore, the PCRA court concluded that
> Appellant's judgment of sentence became final after November 2, 2011, when
> our Supreme Court denied Appellant's petition for allowance of appeal *nunc
> pro tunc. Id.* However, as stated above, this Court considered Appellant's
> weight of the evidence as one of ineffective assistance of counsel.
> *Commonwealth v. Zimmerman*, 988 A.2d 733 (Pa. Super. 2009) (unpublished
> memorandum at 6). *See also Commonwealth v. Knox*, 50 A.3d 749, 768 n.27
> (Pa. Super. 2012) (stating that absent intervening authority from our Supreme
> Court or the United States Supreme Court, we are "bound by prior panel
> decisions of the Superior Court ..."). We further note that the PCRA court's
> May 27, 2011 order granted Appellant leave to file a petition for allowance of
> appeal *nunc pro tunc* in our Supreme Court "from the decision of the Superior
> Court to affirm the [PCRA] court's **denial of his first PCRA petition**." PCRA
> Court Order, 5/27/11, at 1 (emphasis added). Based on these
> considerations, we conclude that Appellant's judgment of sentence became
> final on April 2, 2008, rather than sometime after November 2, 2011.].

(Doc. 9-5, Ex. D, pp. 57-58, *Commonwealth v. Zimmerman*, 1756 MDA 2012, Pennsylvania Superior Court Opinion, dated July 2, 2013). Consistent with the Pennsylvania Superior Court's finding, this Court determines that Petitioner's judgment of sentence became final on April 2, 2008. After successfully tolling the statute of limitations, as outlined above, Petitioner was required to file his habeas corpus petition approximately on or before November 19, 2012. The habeas petition was not filed until February 2, 2014, after the limitations period expired. However, the Court's analysis does not end here; after consideration of statutory tolling, consideration of equitable tolling must be undertaken.

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, a petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson*

7

*v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002).  Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276.  Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999), or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim.  *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

In his traverse, Petitioner appears to argue that he was abandoned by trial counsel. He asserts that trial counsel failed to file a direct appeal of his judgment of sentence, and that "any pro se notice of appeal filed by petitioner is of no consequence." (Doc. 20, pp. 3, 22-23).  This claim fails, as the record clearly reveals that Petitioner filed a timely direct appeal to the Pennsylvania Superior Court on May 29, 2007.  (Doc. 9-1, p. 4, Notice of Appeal; *Commonwealth v. Zimmerman*, Docket No. CP-54-CR-0001518-2006 (Schuylkill Cty. Ct. Com. Pl. filed September 11, 2006); *Commonwealth v. Zimmerman*, No. 953 MDA 2007 (Pa. Super. 2007)).  Petitioner has not established any attorney deception or error

8

which caused delay in pursuing his state court remedies or caused him to miss the habeas filing deadline. Petitioner does not indicate that any extraordinary circumstances obstructed his pursuit of post-conviction relief in either state court or federal court, and he has never asserted his rights in the wrong forum.

As stated, in determining whether extraordinary circumstances exist to warrant the application of equitable tolling, the Court must also examine Petitioner's due diligence in pursuing the matter under the specific circumstances he faced. *See Traub v. Folio*, 2004 WL 2252115, *2 (E.D. Pa. 2004) (citing *Schlueter v. Varner*, 384 F.3d 69 (3d Cir. 2004) (affirming dismissal of the habeas petition as time-barred and not entitled to equitable tolling because lengthy periods of time had elapsed following the petitioner's conviction before he sought relief)). It is Petitioner's burden to show that he acted with reasonable diligence and that extraordinary circumstances caused his petition to be untimely. *Id.* Under the circumstances of this case, Petitioner fails to establish that he was somehow prevented from timely filing the instant federal habeas petition. As such, Petitioner did not act in a reasonably diligent fashion and equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## II.    **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding

9

under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, a certificate of appealability will not issue.

## III.   Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely. An appropriate Order shall issue.

Date: ~~October~~ November 14, 2016

Robert D. Mariani
United States District Judge

10